IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR LEE SIMON, AIS #175507,   )
   )
      Petitioner,   )
   )
v.   ) CIVIL ACTION NO. 2:11-CV-1125-WHA
   )           [WO]
   )
J. C. GILES, *et al.*,   )
   )
      Respondents.   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION AND PROCEDURAL HISTORY

This civil action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Lee Simon ["Simon"], a state inmate, on December 29, 2011.[1]  In this petition, Simon challenges convictions for attempted murder (four counts) and shooting into an occupied vehicle (one count) imposed upon him by the Circuit Court of Chilton County, Alabama on February 12, 2002.  These convictions became final on October 8, 2002.

In accordance with the orders of this court, the respondents filed an answer and

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11ᵗʰ Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11ᵗʰ Cir. 1993).  The petition indicates Simon submitted the petition for mailing on December 29, 2011.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 15.  In light of the foregoing and for purposes of the proceedings herein, the court considers December 29, 2011 as the date of filing.

supplements thereto in which they argue that the substantive claim of mental competence to stand trial provides no basis for relief because this claim is without merit and was properly adjudicated by the Alabama Court of Criminal Appeals.[2]  The respondents further argue that Simon's remaining claims for federal habeas relief are barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[3]  In support of their argument that the majority of claims raised in the petition are time-barred, the respondents contend that because the challenged convictions became final after the effective date of the statute of limitations Simon must have filed this § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending before the state courts.  The evidentiary materials filed in this case demonstrate that Simon, with the assistance of counsel, filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal

---

[2]The law is well settled that a substantive claim challenging a petitioner's competency to stand trial is not subject to the procedural or time limitation bars either in state or federal court.  *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Although petitioner did not raise, on direct appeal or in his initial Rule 32 petition, "his substantive competency claim that he was tried while incompetent ... [this] substantive claim ... is not subject to procedural default and must be considered on the merits."); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1248-1249 (11th Cir. 2002); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ("To the extent [petitioner] raises a substantive due-process claim - that he was convicted while mentally incompetent to stand trial - the petition is not subject to procedural bars.").  It is therefore clear Simon's substantive claim of mental incompetency is not subject to the federal period of limitation.

[3]Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation.  This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

Procedure on April 4, 2003 which tolled the limitation period.[4]  The respondents maintain that even allowing a tolling of the limitation period during the pendency of this first Rule 32 petition the limitation period expired in April of 2004 prior to Simon filing this federal habeas action.  Although Simon filed an additional five state post-conviction petitions under Rule 32, applicable federal law makes clear that these petitions failed to toll the one-year federal period of limitation because Simon filed each of these petitions after expiration of the limitation period.  Specifically, these last five state post-conviction petitions were not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations

---

[4]This petition was the first of six state post-conviction petitions filed by Simon. The record demonstrates that Simon, again represented by counsel, filed a second state post-conviction petition in the Circuit Court of Chilton County, Alabama on December 28, 2004.  The record also shows that Simon, while acting *pro se*, filed Rule 32 petitions on June 9, 2005, July 24, 2006, March 30, 2007 and September 1, 2010, respectively, with the Circuit Court of Chilton County, Alabama.

period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").   The respondents further argue that there is no basis for equitable tolling of the limitation period necessary to render Simon's habeas petition timely filed.

Simon concedes that the "petition is being filed out-side the limitations period of Section 2244(d)(1)" but argues that "this Court should reach the merits of the petition because ... his conviction was obtained while he was mentally incompetent to stand trial, and therefore, to preclude petitioner from Habeas Corpus Review and/or Relief would Unconstitutionally deprive petitioner of the only remedy to redress his illegally imposed conviction, a violation of the [Suspension Clause of the Constitution] and the [due process protection afforded by] the 14th Amendment." *Attachment to Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 1-2.   In support of his claim of mental incompetence, Simon asserts that he "was academically incompetent to assist his attorney with his defense as he failed to [have] the degree of maturity to decide what was best for him....  Petitioner ... was legal[ly] incompetent because he was unable to assist in his defense by consulting with counsel with a reasonable degree of rational understanding of the facts and legal proceedings against him....  At the age of ... 19 years and 5 months old in 1990 [his educational level was] the 9th grade.  Petitioner was functional illiterate at the time of his

4

trial and unable to assist his trial attorney." *Id.*

In light of the foregoing, the court entered an order advising Simon of the respondents' arguments, i.e., he failed to demonstrate mental incompetence at the time of trial and failed to file his federal habeas petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1) on the remaining claims for relief, and providing him an opportunity to show cause why his petition should not be denied based on the arguments set forth by the respondents. *Order of February 17, 2012 - Court Doc. No. 13.* In response to this order, Simon asserts that the allegations regarding his inability to assist counsel establish his substantive incompetency to stand trial and the state courts therefore improperly decided the merits of this claim. *Petitioner's Response - Doc. No. 14* at 3-5. Simon further argues that because he was mentally incompetent to stand trial this court should address all of the claims presented in the petition to avoid both "an unconstitutional suspension of the writ of habeas corpus ... and [violation] of the due process clause of the 14th Amendment...." *Id.* at 2.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that no evidentiary hearing is required and that Simon's habeas petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, as the substantive competency claim is without merit and the petition, with respect to the remaining claims for relief, is

untimely.

## II.  DISCUSSION

### A.  Substantive Competency - Adjudication by the State Courts[5]

Simon concedes that this habeas petition is filed "out-side the limitations period of Section 2244(d)(1)."  *Attachment to Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1 at 1.*  Despite this concession, Simon  argues that "this Court should reach the merits of the petition because the petitioner alleges that his conviction[s] [were] obtain[ed] while he was mentally incompetent to stand trial."  *Id.*   Under applicable federal law, this substantive competency claim is not subject to the time bar and is due review by this court. *Medina*, 59 F.3d at 1111.

In their supplemental answer, the respondents argue that Simon's substantive competency claim is without merit as this claim is not supported by any evidence. Specifically, the respondents maintain "the only facts cited [by Simon] are his .. age,[6] his

---

[5]Simon presented a stand alone claim in this habeas petition "of [mental incompetence] to stand trial, i.e., that he was unable to aide and assist in his defense, by consulting with his attorney with a reasonable degree of rational understanding of the facts and the legal proceedings against him...." *Attachment to Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 2.  Subsequently, Simon maintained that he "was academically incompetent to assist his attorney with his defense [and therefore] legal[ly] incompetent to assist in his defense by consulting with counsel with a reasonable degree of rational understanding of the facts and legal proceedings against him ... [because] [a]t the age of ... 19 years and 5 months old in 1990 [he was] in the 9th grade.  Petitioner was functionally illiterate at the time of his trial" in 2002 and "on the level of a minor 14 or 16 years of age [who] did not possess [an adequate level of maturity]."  *Id.* at 7.  It is clear to the court that all of the allegations of incompetence relate to a claim of substantive mental incompetence and will be addressed by the court as such a claim.

[6]The documents filed in this case indicate that Simon was 30 years of age at the time of the challenged convictions.

ninth grade education level, [his lack of maturity], and his being 'functionally illiterate[,]'" none of which establish mental incompetency to stand trial. *Respondents' Supplemental Answer - Doc. No. 8* at 5-6; *Medina*, 59 F.3d at 1107. The respondents argue that the substantive competency claim therefore entitles Simon to no relief as the Alabama Court of Criminal Appeals properly adjudicated this claim on the merits in denying him relief on his sixth Rule 32 petition. *Respondents' Supplemental Answer - Doc. No. 8* at 4-5; *Respondents' Exhibit A (Memorandum Opinion) - Doc. No. 6-1* at 4 (holding that "Simon failed to allege sufficient facts that, if true, would establish that he was mentally incompetent [at the time of trial]. [In support of his allegations,] Simon presented the circuit court with nothing more than an exhibit showing his school records" from 1990 and this evidence did not establish mental incompetence.).

Simon's request for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act. *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000). Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the
> writ if the state court arrives at a conclusion opposite to that
> reached by this Court on a question of law or if the state court
> decides a case differently than this Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

The Court explained that habeas relief is appropriate when a petitioner demonstrates

"that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law

if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's]

cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision

of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court]

precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389

(2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853 (2003).  Additionally, federal review

in a habeas action "is limited to whether the state court's decision was objectively

unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],

120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v.*

*Head*, 244 F.3d 831, 835 (11ᵗʰ Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'").  A federal district court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision.  *Brown v. Head*, 272 F.3d 1308, 1313 (11ᵗʰ Cir. 2001).  Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law."  *Williams v. Taylor*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo*

rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The

Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal

habeas review by 28 U.S.C. § 2254(d)."  538 U.S. at 636, 123 S.Ct. at 1851.

Federal law is well established that:

> The Due Process Clause of the Fourteenth Amendment prohibits the criminal
> prosecution of a defendant who is not competent to stand trial. A defendant
> is incompetent if he lacks "sufficient present ability to consult with his
> lawyer with a reasonable degree of rational understanding" or "a rational as
> well as a factual understanding of the proceedings against him." *Dusky v.
> United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960)
> (internal quotation marks omitted).  As the Supreme Court recently has
> emphasized, "[c]ompetence to stand trial is rudimentary, for upon it depends
> the main part of those rights deemed essential to a fair trial, including the
> right of effective assistance of counsel, the rights to summon, to confront,
> and to cross-examine witnesses, and the right to testify on one's own behalf
> or to remain silent without penalty for doing so." *Cooper v. Oklahoma*, 517
> U.S. 348, [354], 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498 (1996) (quoting
> *Riggins v. Nevada*, 504 U.S. 127, 139-40, 112 S.Ct. 1810, 1817, 118 L.Ed.2d
> 479 (1992).

*Watts v. Singletary*, 87 F.3d 1282, 1286 (11th Cir. 1996).

> "'[A] petitioner raising a substantive claim of incompetency is entitled
> to no presumption of incompetency and must demonstrate his or her
> incompetency by a preponderance of the evidence.'"  *Medina*, 59 F.3d at
> 1106 (quoting *James v. Singletary,* 957 F.2d 1562, 1571 (11th Cir.1992))....
> [O]n this claim, "the standard of proof is high and the facts must positively,
> unequivocally, and clearly generate the legitimate doubt" about whether the
> petitioner was mentally competent when he was tried.  *Id.* (internal quotation
> marks, brackets, and citation omitted).

*Wright*, 278 F.3d at 1259.  "In asserting [the right not to be tried while incompetent], the

[petitioner] bears the burden of proving by a preponderance of the evidence that he was incompetent at the time of trial. *James*, 957 F.2d at 1571. We have warned that [c]ourts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner. *See Sheley v. Singletary,* 955 F.2d 1434, 1438 (11th Cir. 1992) (quoting *Bruce v. Estelle,* 483 F.2d 1031, 1043 (5th Cir. 1973)).” *Watts*, 87 F.3d at 1290 (internal quotations omitted). “A presumption of correctness attaches to a state court’s finding of competence and a federal habeas court must determine that the finding is not ‘fairly supported by the record’ before it may overturn a state courts’ decision.” *Medina*, 59 F.3d at 1106 (quoting *Maggio v. Fulford*, 462 U.S. 111, 117 (1983)). “[N]either low intelligence [nor] mental deficiency ... can be equated with mental incompetence to stand trial.” *Id*. at 1107. Moreover, “a person’s being illiterate does not mean that the person lacks good sense. Nor does lack of formal education make a person mentally incompetent.” *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir.1989).

With respect to the substantive competency claim, the record establishes that Simon is entitled to no relief as the state courts properly adjudicated this claim on the merits. *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523. Specifically, on appeal from the denial of Simon’s third Rule 32 petition, the Alabama Court of Criminal Appeals

adjudicated the substantive competency claim adversely to Simon on the merits in a

memorandum opinion.  The relevant portion of this opinion reads as follows:

> Here, Simon's claim [of mental incompetence to stand trial] was
> properly dismissed [by the trial court] because  he failed to meet his burden
> of pleading under Rules 32.3 and 32.6(b), Ala. R. Crim. P.  McNabb v. State,
> 991 So.2d 313, 333 (Ala. Crim. App. 2007)....  In this petition, Simon failed
> to allege sufficient facts that, if true, would establish that he was mentally
> incompetent.  Because Simon presented the circuit court with nothing more
> than an exhibit showing his school records, the circuit court did not abuse its
> discretion by dismissing this claim.  Rule 32.7(d), Ala. R. Crim. P.

*Respondents' Exhibit A (Memorandum Opinion on Appeal from Denial of Sixth Rule 32*

*Petition - Doc. No. 6-1 at 4.*

It is clear from the foregoing that the Alabama Court of Criminal Appeals

adjudicated the substantive competency claim presented herein adversely to Simon.  The

court must therefore review this claim in accordance with the directives contained in 28

U.S.C. § 2254(d)(1) and (2).  *Williams v. Taylor*, *supra*.

Simon makes the conslucory allegation that "he was legal[ly] incompetent [to stand

trial in 2002] because he was unable to assist in his defense by a reasonable degree of

rational understanding of the facts and legal proceeding against him."  *Attachment to*

*Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 7.  Simon bases his claim of

mental incompetence on his educational level in 1990 at the time he was 19 years of age,

his alleged "functional illitera[cy] at the time of trial ... and his level of maturity" which

equaled "a minor 14 or 16 years of age" at such time.  *Id.*  The state appellate court found

no merit to Simon's mental incompetence challenge to the constitutionality of his

convictions.  Specifically, in affirming the denial of Simon's sixth Rule 32 petition, the

Alabama Court of Criminal Appeals observed that Simon "failed to allege sufficient facts

that ... would establish he was mentally incompetent" at the time of trial.  *Respondents'*

*Exhibit A (Memorandum Opinion on Appeal from Denial of Sixth Rule 32 Petition) - Doc.*

*No. 6-1 at 4.*  It is clear to the court that the conclusory assertions submitted by Simon do

not "positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt

as to [his] mental competency" at the time of trial.  *Watts*, 87 F.3d at 1290.

The Alabama Court of Criminal Appeals did not decide Simon's mental

incompetence claim "differently than [the Supreme] Court has [in a case based] on a set

of materially indistinguishable facts" nor did the state appellate court apply a rule that

contradicts governing federal law.  *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523.

Consequently, the rejection of this claim by the Alabama Court of Criminal Appeals was

not contrary to actual Supreme Court decisions.  Moreover, a thorough review of the

evidentiary materials submitted in this case establishes that the state appellate court's

denial of Simon's claim challenging his competency to stand trial was objectively

reasonable.  The decision issued by the Alabama Court of Criminal Appeals likewise

constituted a reasonable determination of the facts in light of the evidence presented by the

parties. Specifically, the supposititious and conclusory allegations presented by Simon do not demonstrate that he was mentally incompetent to stand trial. Simon is therefore due no relief from this court on the claim challenging his competency to stand trial.

## B. Suspension of the Writ and Due Process

Simon argues that the federal limitation period "should not preclude habeas Review and/or Relief of [his] conviction[s]" because he was "incompetent to stand trial. In that to apply the one year limitations period to preclude petitioner from habeas Review and/or Relief would [violate the Suspension Clause] and [deny petitioner his] due process right to seek redress of ... [his] conviction[s]." *Attachment to the Petition for Writ of Habeas Corpus Relief - Doc. No. 1-1* at 2-3; *Petitioner's Response - Doc. No. 14* at 2-3 ("Simon's argument for excuse of the statute of limitations [due to his mental incompetence is not one of equitable tolling and, instead,] hinges upon the suspension clause ... and the due process clause" of the United States Constitution.). The Eleventh Circuit has generally characterized this type of claim "not as an equitable tolling issue, which has a due diligence component, but as whether the Suspension Clause necessitates a constitutional exception to AEDPA's one-year time-bar where a habeas petitioner has shown actual innocence." *Rozelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1012 (11th Cir. 2012).

Assuming *arguendo* that the allegation of mental incompetence goes to Simon's actual, factual innocence of the crimes for which he was convicted so as to implicate

14

potential protection under the Suspension Clause from application of the limitation period, the court's inquiry is initially focused on whether Simon has established that he was mentally incompetent to stand trial. *Rozelle*, 672 F.3d at 1010. As previously determined, Simon has failed to show that he was mentally incompetent to stand trial. Consequently, this court need not address whether an exception to application of the one-year period of limitation is required by the Suspension Clause. *Id*.; *Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.2008). Moreover, it is clear that Simon's challenge to the limitation period as violative of the Due Process Clause is likewise without merit. *See Felker v. Turpin,* 518 U.S. 651, 660-661, 116 S.Ct. 2333, 2338-2339 (1996). In light of the foregoing, Simon's claims for federal habeas relief, with the exception of his substantive competency claim, are subject to the one-year period of limitation.

**C.  Remaining Claims for Relief - Application of the Statute of Limitations**

In addition to his substantive competency claim, Simon complains that: (a) He was not properly arraigned; (b) The trial court lacked jurisdiction because it failed to determine whether he was actually indigent prior to appointing him counsel; and (c) Trial counsel provided ineffective assistance. These claims are subject to the applicable one-year period of limitation.

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is

codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court by properly exhausting

the direct appeal process, the statute of limitations is tolled during the ninety-day period

16

in which such action may be undertaken. *Jimenez v. Quarterman*, 211 F.3d 1225 (11th Cir. 2000) (Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period "begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. The ninety-day period in which to seek certiorari from the United States Supreme Court counts towards the one-year period of limitation when a petitioner fails to properly preserve his right to seek this relief by failing to present his claims to the highest state court on direct appeal.

The Circuit Court of Chilton County, Alabama convicted Simon of four counts of attempted murder and one count of shooting into an occupied vehicle on February 12, 2002. Simon filed a direct appeal of these convictions. On September 20, 2002, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Simon's convictions. *Respondents' Exhibit N - Doc. No. 8-1*. Simon did not further appeal his convictions and the Alabama Court of Criminal Appeals therefore issued the certificate

17

of judgment on October 8, 2002. Since Simon failed to properly exhaust the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Simon's convictions for attempted murder and shooting into an occupied vehicle became final upon expiration of the time for filing an application for rehearing with the appellate court -- fourteen (14) days from denial of the application for rehearing. Rule 40(c), *Alabama Rules of Appellate Procedure*; *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002). Thus, Simon's 2002 Chilton County convictions became final, at the latest, on October 8, 2002 -- upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals -- and the one-year limitation period contained in section 2244(d)(1)(A) began to run on October 9, 2002.[7]

1. **Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000);

---

[7]In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

*Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Simon presents no argument relative to equitable tolling. Moreover, a thorough review of the record establishes that Simon has not set forth the existence of any extraordinary circumstance which prevented him from filing a timely federal petition for habeas corpus relief. Additionally, Simon presents nothing demonstrating he exercised

diligence in pursuing his claims for relief in a § 2254 petition.  The record is therefore devoid of evidence that Simon's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Under the circumstances of this case, this court "cannot say that [Simon] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5.  Thus, Simon is not entitled to equitable tolling of the limitation period.  *Diaz v. Secretary for Dept. Of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

   2.  **Statutory Tolling of the Limitation Period**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court therefore finds that the limitation period began to run on October 9, 2002 and ran uninterrupted for 176 days after Simon's attempted murder and shooting into an occupied vehicle convictions became final until the filing a Rule 32 petition in the Circuit Court of Chilton County on April 4, 2003.  This Rule 32 petition remained pending in the state courts until

issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on October 2, 2003.  *Respondents' Exhibit X - Doc. No. 12-1* at 20.  The limitation period therefore began to run again on October 3, 2003 and, absent additional statutory tolling, expired on April 8, 2004.

Although Simon filed additional state post-conviction petitions on December 28, 2004, June 9, 2005, July 24, 2006, March 30, 2007 and September 1, 2010,[8] these Rule 32 petitions had no affect on the running of the federal limitations period because Simon filed the aforementioned petitions after the limitation period had expired and "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at1381 ("[A] 'properly filed' application for post-conviction relief tolls the statute of limitations [but] does not reset or restart the statute of limitations once the limitations period has expired. In other words, the [statutory] tolling provision does not operate to revive the one-year

---

[8]As previously noted, *infra* at n.1, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to *pro se* Rule 32 petitions filed by inmates in the state courts of Alabama and this court therefore applied the mailbox rule in determining the filing dates of Simon's state *pro se* petitions..

limitations period if such period has expired."); *Tinker*, 255 F.3d at 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is therefore clear that the state post-conviction petitions filed by Simon beginning in December of 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

     **3.  <u>Expiration of the Limitation Period</u>**.  Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on April 8, 2004. Simon filed the instant federal habeas petition on December 29, 2011. Simon has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.  In light of the foregoing, the court concludes that the instant petition for habeas corpus relief with respect to those claims unrelated to mental competency is due to be denied as Simon filed the petition after expiration of the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

### III.  CONCLUSION

     Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The  petition for habeas corpus relief filed by Arthur Lee Simon be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before February 23, 2015 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of February, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE