IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE SIMON, AIS #175507, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:11-cv-1125-WHA |
| ) | |
| J. C. GILES, et al., ) | (WO) |
| ) | |
| Respondents. ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 17), entered on February 6, 2015, and the Petitioner's Objection (Doc. 18), filed on February 25, 2015. After conducting an independent evaluation and *de novo* review of the file in this case, the court finds as follows:

This civil action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Lee Simon ["Simon"], a state inmate, on December 29, 2011. In this petition, Simon challenges his convictions for attempted murder (four counts) and shooting into an occupied vehicle (one count) imposed upon him by the Circuit Court of Chilton County, Alabama on February 12, 2002. On February 6, 2015, a Recommendation was entered in which it was determined that (i) the state courts properly adjudicated Simon's substantive claim of mental incompetency as being without merit, and (ii) the remaining claims for relief were untimely as Simon failed to file his habeas petition within the one-year period of limitation. On February 25, 2015, Simon filed an objection to the Recommendation (Doc. 18). In this

objection, Simon challenges only the finding in the Recommendation that the state courts properly adjudicated his substantive mental competency claim.

Initially, Simon argues that the Magistrate Judge should not have relied on *Watts v. Singletary*, 87 F.3d 1282 (11th Cir. 1996) in addressing the substantive competency claim and that doing so forced him "to have to meet a much higher burden in order to obtain habeas relief than is required by Supreme Court cases. Specifically, the court in *Watts* requires a much higher burden to demonstrate incompetency than required by the supreme (sic) Court." He argues that, instead, the Magistrate Judge should have addressed his claim utilizing *Cooper v. Oklahoma*, 517 U.S. 348, [354], 116 S.Ct. 1373, 1376 (1996) and *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). This argument is misplaced, as the Eleventh Circuit specifically relied on the findings of *Cooper* and *Dusky* in forming its opinion in *Watts* (Doc. 18 at 3-4). Simon also cites *Drope v. Missouri*, 420 U.S. 162, 171, 955 S.Ct. 896, 903 (1975) but merely for the well settled principle "that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." 420 U.S. at 171.

Simon next argues that his allegation "he was incompetent to stand trial because he was academically unable to understand the legal proceeding against him with that degree of rational understanding of the facts and conduct alleged against him, in order to aide and assist his attorney in his defense ..." established "a bona fide doubt as to his competency to stand trial. As a result thereof, the State court's decision to contrary resulted in a decision that was contrary to, or involved an unreasonable determination of clearly established federal law." *Doc.18* at 7-8. Simon, however, presented no evidence to the trial court or to the Magistrate Judge which

supported his allegation of mental incompetence; instead, he made a self-serving, conclusory allegation that he lacked the requisite mental capacity to assist with his defense.

For these reasons, the court finds the objection to be without merit, and it is hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 23rd day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE